UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA L.[1],
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:20-cv-202
Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff's motion for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") (Doc. 36), the Commissioner's response in opposition (Doc. 40), and plaintiff's reply memorandum (Doc. 43).

Plaintiff protectively filed her applications for DIB and SSI in October 2015, alleging disability since December 31, 2009.[2] The applications were denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge ("ALJ") Renita K. Bivins. Plaintiff and a vocational expert ("VE") appeared and testified at the ALJ hearing on September 6, 2018. On October 3, 2018, the ALJ issued a decision finding plaintiff has not been under a disabled since October 25, 2013. This decision became the final decision of the Commissioner when the Appeals Council denied review on November 1, 2019. (Tr. 3-10).

Plaintiff thereafter initiated the instant lawsuit seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Doc. 3). On September 19, 2021, the Court ordered that the decision of the Commissioner be reversed and remanded "for further proceedings with

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[2] Plaintiff amended her alleged onset date of disability to October 25, 2013 at the administrative hearing. (Tr. 87).

instructions to the ALJ to re-weigh Dr. Boschuetz's opinion in accordance with this decision; to reassess plaintiff's RFC, giving appropriate weight to the opinions of Dr. Boschuetz, including an explanation on the record for the weight afforded to her opinions; to reassess plaintiff's subjective allegations of pain and limitations; and for further medical and vocational evidence as warranted." (Doc. 34 at PAGEID 9501). The Court found that "the ALJ erred by failing to recognize that Dr. Boschuetz was a treating physician and to evaluate her opinion under the treating physician rule." (*Id*. at PAGEID 9493).

On October 11, 2021, plaintiff filed a motion for an award of attorney's fees and costs under the EAJA. (Doc. 36). Plaintiff seeks attorney's fees "in the amount of $14,308.75" based on "56.65 hours of work before this Court at the rate of $225 per hour and 12.50 hours of assistant time at the rate of $125 per hour." (*Id*. at PAGEID 9503). Plaintiff argues that she was the prevailing party in this matter after the Court reversed and remanded the case. (*Id*. at PAGEID 9505). Plaintiff further argues that the government's position was not substantially justified because "[t]he Magistrate Judge clearly noted that the ALJ disregarded settled interpretation of the regulation in giving little weight to observations and conclusions of a treating physician." (*Id*., citing Doc. 34 at PAGEID 9489-92). Citing affidavits, counsel's time record, US inflation calculators, and data from the Ohio State Bar Association, plaintiff argues that the amount of the fee requested is consistent with EAJA requirements. (*Id*. at PAGEID 9505-06, citing Doc. 36-1, Ex. A; Doc. 36-2, Ex. B; Doc. 36-3, Ex. C; Doc. 36-4, Ex. D; Doc. 36-5, Ex. E; *see also* Docs. 43-1, 43-2, 43-3). In sum, plaintiff argues that her motion for attorney's fees and costs under the EAJA should be granted because she was the prevailing party, the government's position was not substantially justified, and the amount of the fee requested is consistent with EAJA requirements. (*Id*. at PAGEID 9506-07; *see also* Doc. 43).

The Commissioner opposes plaintiff's motion for an award of attorney's fees and costs under the EAJA on several bases. (Doc. 40). First, the Commissioner argues that while there is no dispute that plaintiff was the prevailing party, the government's position was substantially justified because the ALJ complied with the applicable regulations in analyzing Dr. Boschuetz's opinion by providing reasons for the weight given to the doctor and citing to specific evidence in the record that supported her conclusions. (*Id*. at PAGEID 9528-31). The Commissioner alternatively argues that even if the government's position was not substantially justified, the Court should reduce the amount of plaintiff's fee request because the requested rate is unreasonable and the hours are excessive. (*Id*. at PAGEID 9532).

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

**A. Prevailing Party**

There is no dispute that plaintiff was the prevailing party in this matter. Plaintiff became the prevailing party when she obtained an order vacating the ALJ's decision and remanding the matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 34). *See*

3

*Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (Social Security claimant who obtains a Sentence Four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of the EAJA). *See also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012).

### B. Substantial Justification

For a position to be "substantially justified," the United States must show that its position was "'justified in substance or in the main' – that is justified to a degree that could satisfy a reasonable person. In other words, a position is substantially justified if 'a reasonable person could think it correct' and 'it has a reasonable basis in law and fact.'" *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal citation omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). The "position of the United States" means the position taken by the government in the litigation as well as in the underlying agency action. 28 U.S.C. § 2412(d)(2)(D). The focus is "on the government's position 'as a whole.'" *Griffith*, 987 F.3d at 564 (quoting *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016)). "[T]he government . . . must justify both positions [i.e. the administrative position and the litigation position] to avoid liability for EAJA fees." *Lewis v. Comm'r of Soc. Sec.*, No. 2:12-cv-490, 2014 WL 4794415, at *3 (S.D. Ohio Sept. 25, 2014) (citations omitted).

In the present case, the Court found that "Dr. Boschuetz was one of plaintiff's treating physicians, and the ALJ was therefore required to evaluate Dr. Boschuetz's opinion under the treating physician rule." (Doc. 34 at PAGEID 9495). This fact is not contested by the Commissioner. (Doc. 40 at PAGEID 9528-29; *see also* Doc. 30 at PAGEID 9460-62). As Dr.

4

Boschuetz was one of plaintiff's treating physicians, the Court found that the ALJ "erred in her finding that '[i]t is unclear if Ms. Boschnett is a medical expert[.]'" (*Id.* at PAGEID 9494, citing Tr. 34). The Court further determined that the Commissioner's decision lacked substantial support in the record because the ALJ erred "by failing to recognize that Dr. Boschuetz was a treating physician and to evaluate her opinion under the treating physician rule." (*Id.* at PAGEID 9493). Specifically, the Court stated:

> As a treating physician, Dr. Boschuetz's opinion "should have been given controlling weight absent justifiable reasons—made on the record—for discounting th[at] opinion[]." *Blakley*, 581 F.3d at 408 (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4-5). The ALJ failed to examine whether Dr. Boschuetz's opinion was well-supported by her own medical examination findings or the findings of the other Hoxworth Clinic physicians contained in plaintiff's available medical chart. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Gayheart*, 710 F.3d at 376. Even if Dr. Boschuetz's opinion was not entitled to controlling weight, it was incumbent upon the ALJ to give deference to the opinion of the treating physician and weigh Dr. Boschuetz's opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408. The ALJ's decision does not show that she considered the requisite regulatory factors in weighing Dr. Boschuetz's opinion. The ALJ did not consider the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson*, 378 F.3d at 544. *See also Blakley*, 581 F.3d at 408. Indeed, the ALJ failed to acknowledge that Dr. Boschuetz was even a physician, despite evidence in the record showing her treatment of plaintiff.

(*Id.* at PAGEID 9495-96). The Court determined that the matter should be reversed and remanded for further proceedings "with instructions to the ALJ to re-weigh Dr. Boschuetz's opinion in accordance with this decision; to reassess plaintiff's RFC, giving appropriate weight to the opinions of Dr. Boschuetz, including an explanation on the record for the weight afforded to her opinions; to reassess plaintiff's subjective allegations of pain and limitations; and for further medical and vocational evidence as warranted." (*Id.* at PAGEID 9501).

In arguing that the position was substantially justified for purposes of plaintiff's EAJA fee application, the Commissioner asserts that although the ALJ failed to properly identify Dr. Boschuetz as a treating physician, the ALJ nonetheless complied with the applicable regulations because the ALJ provided reasons for the weight given to the doctor and cited to specific evidence in the record that supported her conclusions. (Doc. 40 at PAGEID 9528). The Commissioner contends that the ALJ reasonably concluded that Dr. Boschuetz's diagnosis of carpel tunnel syndrome was inconsistent with plaintiff's own reports that she did not have this condition as well as the findings of another treating physician that plaintiff did not have this condition. (*Id*.). The Commissioner also argues that the ALJ reasonably concluded that Dr. Boschuetz's findings were inconsistent with other record evidence, such as the treatment records from Dr. Agabegi, plaintiff's treating physician, normal examination findings, and plaintiff's reports of her daily and social activities. (*Id*. at PAGEID 9529). The Commissioner argues that although the Court did not find the ALJ's analysis sufficient, the Commissioner's position was substantially justified. (*Id*., citing *Brown v. Comm'r of Soc. Sec.*, No. 2:17-cv-851, 2020 WL 6481979, at *3 (S.D. Ohio Nov. 4, 2020)). The Commissioner contends that it "provided a reasonable explanation why she thought the decision was supported by substantial evidence and cited to evidence from another treating physician that supported her position." (*Id*. at PAGEID 9532, citing *Brown*, 2020 WL 6481979, at *3). The Commissioner argues that plaintiff "should not be awarded EAJA fees" because although "the Commissioner was not successful, [the] position was substantially justified." (*Id*.).

The Commissioner's position lacks a reasonable basis in law and does not support a finding of substantial justification. Not only did the ALJ fail to weigh Dr. Boschuetz's medical opinion under the treating physician rule, but the ALJ also failed to identify Dr. Boschuetz as a

doctor. The ALJ stated that "[i]t is unclear if Ms. Boschnett is a medical expert[.]" (Tr. 34). Accordingly, as the ALJ failed to properly classify Dr. Boschuetz as a medical doctor, and failed to classify Dr. Boschuetz as one of plaintiff's treating physicians, the government's argument that the ALJ "complied with the regulations when analyzing [Dr. Boschuetz's] Medical Source Statement" is untenable and not "substantially justified" because the ALJ could not have reasonably applied the "treating physician" rule given the ALJ's statement that "[i]t is unclear if Ms. Boschnett is a medical expert[.]" (Tr. 34). This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *Sturgeon v. Comm'r of Soc. Sec.*, No. 1:08-cv-510, 2009 WL 5194385, at *3 (S.D. Ohio Dec. 22, 2009) (citing *Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985)); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984)). The Commissioner has not cited, and the Court has not found, authority where the Commissioner's position was "substantially justified" despite the ALJ's improper classification of a treating physician as a non-physician. It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough*, 541 U.S. at 414-15. The Commissioner has not met his burden of proving substantial justification for his position in this case. The Court, therefore, finds that the Commissioner's position in this matter was not substantially justified.

    **C. Special Circumstances**

    No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

### D. Calculation of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and costs in the amount of $14,308.75. Plaintiff's request for fees is based on an hourly rate of $225.00, which represents the $125.00 hourly rate set by the EAJA adjusted for inflation, and an hourly rate of $125 for 12.50 hours spent by an administrative assistant. Plaintiff argues that the requested hourly rate of $225.00 is not excessive and is adjusted for inflation based on cost of living increases since the enactment of the EAJA in March 1996. (Doc. 36). In support of the request, plaintiff has submitted evidence which includes counsel's time records, counsel's affidavit, the affidavit of Scott Knox, "The Economics of Law Practice in Ohio in 2013" attorney fee study results, and the Consumer Price Index reported by the Bureau of Labor Statistics demonstrating an increase in the cost of living since March 1996. (*Id.* at PAGEID 9508-15).

The Commissioner argues that the Court should reduce the amount of plaintiff's fee request "because the rate is unreasonable and the hours are excessive." (Doc. 40 at PAGEID 9532). The Commissioner argues that the "enhanced hourly rate of $225.00 sought by plaintiff's counsel and $125.00 sought by plaintiff's assistant is not justified." (*Id*. at PAGEID 9533, citing *Cochran v. Comm'r of Soc. Sec*., 839 F. App'x 965 (6th Cir. 2020)). The Commissioner contends that in line with the "'Midwest Urban' average of the CPI [Consumer Price Index]", the Court "should award Plaintiff's attorney $197.79 an hour[], which is in line with the prevailing

8

rates in the community." (*Id*. at PAGEID 9533-34). The Commissioner states that the Court should "reduce the hourly rate of Plaintiff's assistant to $40.00 an hour" because plaintiff "has not submitted any evidence to support her requested $125.00 hourly rate for her assistant." (*Id*. at PAGEID 9534, citing *Perkins v. Colvin*, No. 1:14-cv-2213, 2016 WL 2927989, at *4 (N.D. Ohio Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2829864 (N.D. Ohio May 13, 2016); *Foy v. Colvin*, No. 1:14-cv-907, 2015 WL 8003025, at *4 (N.D. Ohio Nov. 16, 2015), *report and recommendation adopted sub nom. Foy v. Comm'r of Soc. Sec.*, 2015 WL 8056068 (N.D. Ohio Dec. 4, 2015)).

Plaintiff requests a cost of living increase in the EAJA statutory rate from $125.00 to $225.00 per hour for work performed in 2020 and 2021. Such a request is within the discretion of the district court. *See Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992). The Court finds that an increase in the EAJA statutory rate is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of the EAJA. For the reasons discussed below, however, the Court awards less than the $225.00 hourly rate requested by plaintiff.

In determining the hourly rate for an attorney fee award, this Court must first consider the prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates* for the kind and quality of the services furnished. . . .") (emphasis added). *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (in determining reasonableness of attorney fees court must consider whether requested rates are in line with those prevailing in community for similar services by lawyers of reasonably comparable skill, experience and reputation). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to

9

support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450 (quoting *Blum*, 465 U.S. at 895 n.11).

This Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See, e.g., Ayers v. Astrue*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct. 18, 2011) *report and recommendation adopted*, 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon*, 2009 WL 5194385, at *4-5 (awarding $170.00 per hour in EAJA fees). In these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates nationally and in Cincinnati establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers*, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $213 for downtown Cincinnati law firms).

In the instant case, plaintiff has submitted an excerpt from the 2013 Ohio State Bar Association survey of attorney fee rates in support of the request for fees. (Doc. 36, Ex. E). *See also* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association (found at https://silo.tips/download/the-economics-of-law-practice-in-ohio-in-a-desktop-reference) (last visited on September 26, 2022). This survey shows a mean hourly billing rate of $264 per hour

10

in Ohio for Social Security practitioners and a mean hourly rate of $297 per hour for downtown Cincinnati in general. The Court is also permitted to consider evidence of legal fees charged in the same geographic area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner*, 2008 WL 2950063, at *1. *See also Decorrevont v. Comm'r of Soc. Sec.*, No. 1:19-cv-0137, 2020 WL 1933576, at *4 (S.D. Ohio Apr. 22, 2020), *report and recommendation adopted*, No. 1:19-cv-137, 2020 WL 2395921 (S.D. Ohio May 12, 2020) (awarding $192.00 per hour); *Saxton v. Astrue*, No. 3:11-cv-303, 2012 WL 3078821 (S.D. Ohio July 30, 2012) (awarding $177.66 per hour); *Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2012 WL 1224736 (S.D. Ohio Apr. 11, 2012) *report and recommendation adopted*, 2012 WL 1656973 (S.D. Ohio May 10, 2012) (awarding $176.49 per hour); *Renneker v. Astrue*, No. l:10-cv-386, 2012 WL 12696 (S.D. Ohio Jan. 4, 2012) (awarding $176.49 per hour). The EAJA rate requested by plaintiff is somewhat higher than that previously awarded by the Court based on cost of living increases.

Plaintiff also relies on an online CPI inflation calculator that uses the Consumer Price Index for All Urban Consumers (CPI-U) U.S. city average series for all items. However, "[t]his Court has previously determined that the 'Consumer Price Index–All Urban Consumers' for the 'Midwest Urban' area for 'All items' is the proper Consumer Price Index to utilize when calculating a cost of living adjustment." *Ayers*, 2011 WL 5506096, at *4. Pursuant to the CPI for Midwest urban consumers for all items, the hourly rate for work performed in 2020 is $197.79 (2020 annual average CPI of 240.040 divided by the 1996 annual average CPI of 151.7 multiplied by $125.00), and the hourly rate for work performed in 2021 is $203.95 (2021 first half average CPI of 247.511 divided by the 1996 annual average CPI of 151.7 multiplied by $125.00). Both of these hourly rates are below plaintiff's requested rate of $225.00 per hour for

11

work performed in 2020 and 2021. Consequently, the Court finds that plaintiff's requested hourly fee of $225.00 should be adjusted downward to reflect the appropriate cost of living increases for Midwest urban consumers for the years 2020 and 2021. The Court therefore awards plaintiff $197.79 per hour for work performed in 2020 and $203.95 per hour for work performed in 2021.

The Court also considers the affidavit of Scott Knox and the affidavit of plaintiff's counsel, which set forth their credentials and extensive experience handling Social Security disability cases. The Court takes judicial notice that Scott Knox has consistently practiced social security law in this Court for numerous years.[3] The Court finds this information amply demonstrates that the hourly rates of $197.79 per hour for work performed in 2020 and $203.95 per hour for work performed in 2021 is reasonable and warranted given the cost of living increases since enactment of the EAJA and the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Bryant*, 578 F.3d at 450.

In light of the above findings, the Court finds that plaintiff is entitled to attorney's fees for $197.79 per hour for work performed in 2020 and $203.95 per hour for work performed in 2021.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the Sentence Four remand, i.e., the hours to which the stated hourly rates shall be

---

[3] *See, e.g., Washington v. Comm'r of Soc. Sec.*, No. 1:14-cv-794, 2015 WL 8481563 (S.D. Ohio Dec. 10, 2015); *Brown v. Comm'r of Soc. Sec.*, No. 1:13-cv-168, 2014 WL 3543817 (S.D. Ohio July 16, 2014); *Antico v. Astrue*, No. 1:11-cv-640, 2012 WL 4473157 (S.D. Ohio Sept. 26, 2012), *report and recommendation adopted sub nom. Antico v. Comm'r of Soc. Sec.*, No. 1:11-cv-00640, 2012 WL 5438988 (S.D. Ohio Nov. 7, 2012); *Puckett v. Comm'r of Soc. Sec.*, No. 1:10-cv-528, 2011 WL 4368368 (S.D. Ohio Aug. 11, 2011), *report and recommendation adopted*, No. 1:10-cv-528, 2011 WL 4366665 (S.D. Ohio Sept. 19, 2011); *Clark v. Comm'r of Soc. Sec.*, No. C-1-08-70, 2009 WL 1546355 (S.D. Ohio May 28, 2009).

applied. Counsel submits that 56.65 hours of attorney time was spent on this case before the District Court. (Docs. 36, 43).

The Commissioner raises several objections to the number of hours expended by counsel. First, the Commissioner states that counsel's itemization of his time reflects 55.85 hours of attorney work and not 56.65 hours. (Doc. 40 at PAGEID 9535). The Commissioner "requests that the Court reduce the 42.75 hours spent drafting the opening and reply briefs by at least 23 hours for a total of 19.75 hours." (*Id*. at PAGEID 9537). The Commissioner proposes a "reduction of 14.25 [hours] from drafting the opening brief, 7 hours from drafting the reply[,] and 2 hours from 3/31/21, whereby Plaintiff received, reviewed and absorbed SSA's Memorandum." (*Id*. n.6, citing Doc. 36-2). The Commissioner claims that "the time spent on the opening brief was not attributable to researching and developing all of the relevant arguments." (*Id*. at PAGEID 9537). The Commissioner also contends that the hours should be reduced because the case was routine, plaintiff failed to include a summary of the relevant medical evidence, and plaintiff did not address any of the Commissioner's arguments in the reply memorandum. (*Id*. at PAGEID 9535-37). Plaintiff argues that the requested hours are reasonable because the record was large, and counsel had no connection with the matter before his retention. (Docs. 36, 43).

The EAJA allows an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Whether fees are reasonable requires a consideration of the totality of the circumstances. *Blanchard v. Bergeron*, 489 U.S. 87, 94-95 (1989). In determining the reasonableness of a fee request, courts should consider "individual characteristics, including, but not limited to, the complexity of the case or the novelty of the issues" and the experience of the attorney. *Glass v. Sec'y of H.H.S.*, 822 F.2d 19, 22 (6th Cir. 1987). The Court finds that, although the issues

presented in the case were not inordinately complex or novel, plaintiff's attorney had a duty to carefully review the more than 9,000 pages of the administrative transcript in this case and thoroughly prepare his briefs. However, the Court also finds that despite the extensive administrative record, counsel's statement of errors was only seven pages and failed to include any recitation or summary of the relevant medical evidence of record. (*See* Doc. 23). Plaintiff argues that the requested hours are reasonable because counsel was required to utilize "pinpoint citations to the pages of documents" within the administrative record. (Doc. 43 at PAGEID 9522). Aside from citing the ALJ's decision and testimony from the hearing, counsel's statement of errors and reply memorandum include only eight citations to the administrative record. (*See* Docs. 23, 33).

At the outset, the Commissioner is correct that counsel's time records (Doc. 36-2) incorrectly reflect 56.65 hours of attorney work. Rather, calculating the time entries yields 55.85 hours of attorney work. (*Id*.). Accordingly, the Court will use 55.85 hours as the baseline number for the requested number of hours by plaintiff's counsel.

The Court finds that 9.00 hours spent on December 10, 2020 assembling the record and downloading USDC filings and document numbers is not reasonable. "Downloading, filing, and saving an administrative transcript is a purely clerical or secretarial task," and is not compensable under the EAJA. *Zupp on Behalf of A.W.E. v. Comm'r of Soc. Sec*., No. 2:14-cv-2545, 2016 WL 11509668, at *2 (S.D. Ohio Aug. 16, 2016). This is because "[d]ownloading, filing, and saving documents does not require legal knowledge, nor is it an especially complex task or a task traditionally performed by an attorney." *Id*. (citing *Dulin v. Colvin*, No. 3:14-cv-00288, 2015 WL 6689370, at *2 (S.D. Ohio Nov. 3, 2015), *report and recommendation adopted*, 2015 WL 7571839 (S.D. Ohio Nov. 24, 2015); *Spiller v. Comm'r of Soc. Sec*., 940 F. Supp. 2d

647, 651 (S.D. Ohio 2013)). Accordingly, counsel for plaintiff cannot recover for the 9 hours spent downloading and assembling the record on December 10, 2020. This finding brings the requested number of hours down from 55.85 to 46.85.

Second, the Court finds that the remaining 21.35 hours spent in preparation of filing a Statement of Errors and 17.00 hours spent on reviewing the Commissioner's response to the Statement of Errors and drafting the reply memorandum were reasonable given the 9,000 page administrative record. *See Dent v. Astrue*, No. 07-2238, 2008 WL 2278844, at *3 (W.D. Tenn. May 30, 2008) (holding that 27.5 hours spent preparing a Statement of Errors and 10 hours on reply brief reasonable).

The Commissioner also contends that counsel should not be compensated for 1.50 hours of time on October 14, 2020 securing an agreement of counsel and drafting an extension of time. (Doc. 40 at PAGEID 9538). The Court takes judicial notice that both plaintiffs and the Commissioner routinely request extensions of time in Social Security matters in light of their heavy caseloads and other commitments and that such extensions are routinely granted. The Court further notes that the Commissioner requested five extensions of time in this case. (Docs. 10, 12, 15, 26, 28).
At the same time, the Court finds that 1.50 hours in attorney fees related to one perfunctory motion for extension of time and agreement of counsel is not reasonable. Thus, although counsel should be compensated for preparing the motion for extension of time and securing the agreement of counsel, the amount of compensable time for these routine tasks should be reduced by 30 minutes. This finding brings the requested number of hours down from 46.85 to 46.35.

The Commissioner does not take issue with the remaining 7.0 hours expended by counsel in this matter.

Plaintiff also requests 12.50 hours of assistant time at an hourly rate of $125.00. (Doc. 36 at PAGEID 9503; *see also* Doc. 43 at PAGEID 9553-54). "Paralegal services are recoverable under EAJA at prevailing market rates." *Dulin*, 2015 WL 6689370, at *3 (citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008)). The Commissioner argues that plaintiff failed to submit any evidence to support the requested $125.00 hourly rate for assistant time. (Doc. 40 at PAGEID 9534). The Commissioner asks the Court to reduce the hourly rate of plaintiff's assistant to $40.00 per hour. (*Id.*, citing *Perkins v. Colvin*, 2016 WL 2927989, at *1 and *Foy v. Colvin*, 2015 WL 8003025, at *4).

Plaintiff fails to submit any evidence in support of his request for $125.00 per hour for his assistant and instead relies on *Zupp*, 2016 WL 11509668, for the proposition that the Commissioner's argument to reduce the hourly rate to $40.00 is without merit. (*Id.*). In *Zupp*, the court determined that a paralegal billing rate of $80 per hour fell within the prevailing market rates for paralegal billing. *Id.* at *4. The court stated:

> As outlined in [The Economics of Law Practice in Ohio in 2013], a paralegal billing rate of $80 per hour falls within the prevailing market rates for paralegal billing in Ohio. Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 41, 43, 45 (2013). Reinforcing that determination is another publication cited by Plaintiff—the *2015 National Utilization and Compensation Survey Report*—which states that the mean billing rate for paralegals in "Region 2" (composed of Illinois, Indiana, Michigan, Wisconsin, and Ohio) in 2014 was $116 per hour. Nat'l Ass'n of Legal Assistants, *2015 National Utilization and Compensation Survey Report* § 3 (2015). Based on these publications, the Court finds that a paralegal billing rate of $80 per hour falls within the prevailing market rates for paralegal billing in this district.

*Id*. The Court agrees with the conclusion reached by the court in *Zupp*. Accordingly, plaintiff may collect for the requested 12.50 hours of assistant time at a rate of $80.00 per hour.[4]

---

[4] The Commissioner "is not seeking a reduction for the 12.50 hours sought by the assistant." (Doc. 40 at PAGEID 9538).

In light of the above findings, the Court determines that plaintiff is entitled to attorney fees for 46.35 hours of work[5] at an hourly rate of $197.79 per hour for work performed in 2020 and $203.95 per hour for work performed in 2021, yielding a total of $9,287.70.[6] The Court also finds that plaintiff is entitled to assistant fees for 12.50 hours of work at an hourly rate of $80.00 for a total of $1,000.00. The Court finds such fees are reasonable and should be awarded under the EAJA. The award of $10,287.70 ($9,287.70 attorney fees plus $1,000.00 assistant fees) is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). *See also Renneker*, 2012 WL 12696, at *2 (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti–Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a preexisting debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **ORDERS** that the EAJA fee petition be **GRANTED** as explained in this Order and that plaintiff be **AWARDED** $10,287.70 in attorney fees.

Date: 9/27/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[5] 55.85 hours of attorney work (Doc. 36-2) minus 9.50 non-compensable hours equals 46.35 hours.
[6] 26.85 hours in 2020 at a rate of 197.79 per hour equals $5,310.67 and 19.5 hours in 2021 at a rate of 203.95 per hour equals $3,977.03.